**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHARISSE A. LEMASTER | ) | CASE NO. 05-61793 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

**MEMORANDUM**

This case came before the Court on November 29, 2005, on the Court's Sua Sponte Notice of Status Hearing for the Debtor(s) to Appear and Explain the Circumstances Surrounding the Preparation of the Bankruptcy Petition. Mr. Scott Goldberg appeared on behalf of the United States Trustee and the debtor appeared, pro se. At the hearing, Mr. Goldberg questioned the debtor about the facts and circumstances surrounding the filing of this bankruptcy petition.

**I.     FINDINGS OF FACT**

The debtor filed this Chapter 7 bankruptcy petition on October 16, 2005. On the debtor's bankruptcy petition, the debtor listed Jessie H. Tucker as her bankruptcy petition preparer. The debtor testified she agreed to pay Ms. Tucker $125.00 for her services in preparing this bankruptcy petition. No declaration of fees was filed by Ms. Tucker. The debtor further testified that Ms. Tucker did not provide a copy of her completed bankruptcy petition. Ms. Tucker also assisted the debtor in deciding which items to claim as exempt on Schedule C on the debtor's bankruptcy schedules. Ms. Tucker is not an attorney but instead works as a paralegal at a local law firm.

**II.    CONCLUSIONS OF LAW**

Section 110 of the Bankruptcy Code provides very strict standards for bankruptcy petition preparers. Specifically, § 110(d)(1) requires a bankruptcy petition preparer to supply a copy of a bankruptcy petition to the debtor. Failure to comply with this requirement may result in a fine of up to $500 unless the failure is due to reasonable cause. Section 110(h)(1) requires a petition preparer to file a declaration under penalty of perjury disclosing any fee paid by the debtor and any unpaid fee charged to the debtor. Finally, Kentucky Supreme Court Rule 3.020 prohibits the practice of law by anyone without a license issued by the Supreme Court of Kentucky. Practice of

law includes services involving legal knowledge or legal advice.

The Court finds from the testimony presented in this case that Ms. Tucker violated each of the provisions set out above. In order to determine what actions the Court should take, a hearing will be set for Ms. Tucker to appear and show cause why show cause why she should not be enjoined from preparing any other bankruptcy petitions, why she should not be fined, and why she should not be ordered to turnover all fees due to her actions in engaging in the unauthorized practice of law and violating 11 U.S.C. § 110. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHARISSE A. LEMASTER | ) | CASE NO. 05-61793 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Jessie H. Tucker of 5102 Kilmer Blvd., Louisville, KY 40213, appear on **January 31, 2006 at 9:00 a.m., Courtroom #3, Gene Snyder Courthouse, 601 W. Broadway, Louisville, Kentucky** and show cause why she should not be enjoined from preparing any other bankruptcy petitions, why she should not be fined, and why she should not be ordered to turnover all fees due to her actions in engaging in the unauthorized practice of law and violating 11 U.S.C. § 110.